STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Larry Samuel White,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-1147** (Jackson County 16-C-66)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Larry Samuel White, by counsel M. Tyler Mason, appeals the July 11, 2019, and November 18, 2019, orders of the Circuit Court of Jackson County, denying his second petition for a writ of habeas corpus. Shelby Searls, Superintendent, Huttonsville Correctional Center, by counsel Mary Beth Niday, filed a response in support of the circuit court's orders.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with first-degree murder and conspiracy to commit murder, for the murder of Mohamed Mahrous on September 17, 2007, at Riverside Park in Ravenswood, Jackson County. Petitioner had followed the victim and Roseann Osborne,[2] petitioner's live-in girlfriend, to the park. At trial, it was undisputed that petitioner killed Mr. Mahrous with a hammer, but he argued that his mental state rendered him incapable of premeditation with respect to the act. Specifically, he advanced a diminished capacity defense, which was supported by the testimony of Dr. Saar, a licensed psychologist, who testified that petitioner was paranoid and suffered from

---

[1] Since the filing of the appeal in this case, the superintendent has changed and is now Shelby Searls. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2] Ms. Osborne was married to the victim.

1

a delusional disorder, persecutory type. Dr. Saar testified that petitioner killed Mr. Mahrous because Ms. Osborne convinced him that Mr. Mahrous was physically abusive and she manipulated him to believe she needed protected. Dr. Saar opined that petitioner "elevated Mr. Mahrous to such an evil level that he felt the hammer was his best protection."

During closing arguments, the prosecutor discussed premeditation.[3] Relevant to the instant petition, the prosecutor stated the following:

> Even if you believe that a confrontation occurred, and he hit him in the nose first, premeditation, malice, intent, all proven when he swung the hammer, not once but twice. The first one was an accident? He finished the job. That's all it takes for premeditation. The second time he decided to raise the hammer and hit them and give them a blow that was fatal, that's premeditation. The State's proved it right there. It only takes a second to form premeditation.

As to the timing of the intent and the conspiracy charge, the prosecutor told the jury that petitioner and Ms. Osborne

> don't have to talk about it for months, they could have planned it that day. They could have planned it that hour. They could have planned it five minutes before it happened. That is still premeditation. That is still conspiracy. There is no time limit that we have to be able to show you.

Petitioner was ultimately convicted by the jury of first-degree murder and conspiracy to commit murder. Following his conviction, petitioner filed a direct appeal alleging five assignments of error: 1) the trial court erred in failing to strike two prospective jurors; 2) insufficiency of the evidence; 3) the trial court erred in admitting evidence from an unlawful search of petitioner's cell phone; 4) the trial court erred in admitting out of court statements pursuant to West Virginia Rule of Evidence 801(d)(2)(E); and 5) the trial court erred in denying petitioner's amended renewed motion for new trial. Petitioner's conviction was affirmed by this Court. *See State v. White*, 228 W. Va. 530, 722 S.E.2d 566 (2011).

---

[3] On rebuttal, the prosecutor responded:

> [Petitioner's counsel] says in the instructions that the Judge told you, you can't make the assumption that this was premeditated, and you most certainly can. If there is evidence you can – if you can infer premeditation by the evidence, then you can definitely make that assumption. For example, one of the things that the Judge told you in the instructions, I submit to you that you don't have to look out the window to know it is raining. The State has at the very least shown you several wet umbrellas. Ladies and gentlemen, the only conclusion that you can reach is that it is raining.

Thereafter, petitioner filed an initial habeas proceeding raising fifteen grounds.[4] The circuit court conducted an omnibus hearing concerning that petition and denied petitioner's request for habeas corpus relief. This court affirmed the circuit court's order denying petitioner habeas relief on November 23, 2015. *White v. Plumley*, No. 14-1272, 2015 WL 7628834 (W. Va. Nov. 23, 2015)(memorandum decision).

Petitioner then filed the habeas corpus petition presently at issue. The circuit court restructured the arguments in this second habeas corpus petition into four parts as follows:

> I. Previous habeas counsel failed to claim [p]etitioner's trial counsel erred by not moving to strike juror Cassia Scott for cause "because of her prior knowledge of the case and exposure to actual documents and evidence during her employment in the [circuit] clerk's office" and failed to "inquire whether Ms. Scott took part in discussions about the case;"
> II. Habeas counsel failed to claim trial counsel erred by waiving a presentence report;
> III. Habeas counsel failed to claim the prosecutor's comment during closing argument regarding petitioner's children was irrelevant evidence; and
> IV. Habeas counsel "raised the ground for relief that '[t]he [p]etitioner believes that the underlying conviction should be vacated because of inappropriate statements of the prosecutor'" at trial, but habeas "counsel failed to further elucidate the issue in the petition or at the omnibus hearing."

On July 11, 2019, the circuit court denied petitioner's habeas corpus petition on grounds I, II, and III,[5] based on a theory of waiver by petitioner. As to ground IV, the circuit court ordered the parties to submit supplemental briefing. After supplemental briefing, the circuit court denied petitioner's habeas corpus petition as to ground IV, and dismissed the petition on November 18,

---

[4] In March of 2011, petitioner, a self-represented litigant, filed his first petition seeking habeas corpus relief in circuit court. In January of 2014, the circuit court appointed petitioner counsel and counsel filed an amended petition for a writ of habeas corpus alleging the following grounds for relief: 1) ineffective assistance of counsel; 2) pre-trial publicity; 3) consecutive sentences; 4) coerced confession; 5) suppression of helpful evidence by the prosecutor (*Brady* violation); 6) challenges to the composition or procedure of the grand jury; 7) refusal to subpoena witnesses (ineffective counsel); 8) evidentiary rulings regarding his renewed motion for a new trial; 9) prejudicial statements by the trial judge; 10) prejudicial statements by the prosecutor; 11) sufficiency of the evidence; 12) more severe sentence than expected; 13) excessive sentence; 14) impaired counsel (ineffective counsel); and 15) rate of compensation for counsel. Later, in August of 2014, petitioner filed a motion to continue and a motion for leave to amend his amended petition for a writ of habeas corpus asserting that *Riley v. California,* 573 U.S. 373, 134 S.Ct. 2473 (2014), may apply to his case.

[5] Although the circuit court order reflects that it granted summary judgment on these counts of the petition, it actually denied petitioner habeas corpus relief as to these grounds.

3

2019.[6] Petitioner now alleges that the circuit court erred in denying him habeas corpus relief on grounds I-IV of the petition, as restated by the court. We will address each of these assignments of error below.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

First, petitioner claims that the circuit court erred when it found that he had waived the arguments contained in counts I, II, and III of the habeas corpus petition, which dealt with claims of ineffective assistance of his prior habeas counsel.[7] Respondent maintains that petitioner is

---

[6] Consistent with the order related to counts I-III, the circuit court order reflects that the court granted summary judgment; however, it actually denied petitioner's requested habeas corpus relief.

[7] With regard to petitioner's ineffective assistance of counsel claims, we have held:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary,* 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (quoting *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). Importantly, hindsight is not to be applied to the objective standard:

> "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of

(Continued . . .)

4

simply attempting to re-assert ineffective assistance of trial counsel claims, under the guise of ineffective assistance of habeas counsel. Upon our review of the record, we agree with respondent.

Pursuant to West Virginia law, an individual convicted of a crime is "ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover." Syl. Pt. 1, in part, *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984) (citing W. Va. Code § 53-4A-1). Further, this Court has explained:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appealed pro se having knowingly and intelligently waived his right to counsel.

Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

In petitioner's previous habeas corpus petition, he argued that his trial counsel was ineffective. In this matter, he claims that his first habeas counsel was ineffective. Although his petition is couched in terms of habeas counsel, the arguments actually detail the alleged ineffectiveness of trial counsel. Petitioner is not entitled to relitigate those claims. Based upon all of the above, we find that the circuit court did not err in denying petitioner's arguments in counts I-III of his habeas petition.

Finally, petitioner argues that the circuit court erred when it refused to grant him habeas corpus relief on his claim that his habeas counsel was ineffective where counsel raised the issue that his underlying conviction should be vacated because of inappropriate statements of the prosecutor, but purportedly failed to further elucidate the issue in the petition or at the omnibus hearing. Petitioner maintains that the prosecutor blatantly misstated the law concerning mens rea

---

trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Raines v. Ballard*, 236 W. Va. 588, 782 S.E.2d 775 (2016). Further,

> [w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.

Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

for murder to the jury during the closing rebuttal.[8] Relying upon on the same case as petitioner, respondent argues that the prosecutor's statements were not a misstatement of the law. We agree with respondent.

This Court has found that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. Pt. 5, *State v. Sugg,* 193 W. Va. 388, 456 S.E.2d 469 (1995). In *Sugg,* this Court held that the prosecutor's comments should be examined using four factors:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Notably, petitioner does not argue that the circuit court erred with respect to its instruction on first-degree murder and premeditation,[9] but instead maintains that the prosecutor's statements were improper as it did not allow for "an opportunity for some reflection on the intention to kill after it is formed." As this Court stated in *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995), premeditation can occur in a short period, as the Court found that the time it took Mr. Guthrie to "open his knife and inflict the mortal wound was sufficient to establish premeditation." Consistent with *Guthrie*, the prosecutor's statements were not a misstatement of the law.

Even if the prosecutor's remarks were improper, petitioner has not demonstrated entitlement to habeas relief pursuant to the factors discussed by this Court in *Sugg.* As to the first of the *Sugg* factors, it is clear that the prosecutor's statement that the "second time he decided to raise the hammer and hit them and give them a blow that was fatal, that's premeditation" is a correct statement of the law. Turning to the second *Sugg* factor, the prosecutor's statement was isolated and was confined to rebuttal. With regard to the third *Sugg* factor, the strength of the evidence was so strong that petitioner's guilt was evident absent the remarks. Notably, the jury

---

[8] Petitioner maintains that the prejudice caused by this misstatement was compounded by the fact that it was one of the last things the jury heard prior to deliberations.

[9] As to first-degree murder and premeditation, the trial court instructed the jury as follows:

> [F]irst degree murder consists of an intentional, deliberate, and premeditated killing, which means that the killing is done after a period of time for prior consideration. The duration of that period cannot be arbitrarily fixed. The time in which to form a deliberate and premeditated design varies as the minds and temperaments of people differ, and according to the circumstances in which they may be placed. Any interval of time between the forming of the intent to kill, and the execution or carrying out of that intent, which is of sufficient duration for the accused to be fully conscious of what he intended, is sufficient to support a conviction for first degree murder.

convicted petitioner of not only first-degree murder, but also conspiracy, the latter conviction indicating that the jury believed the State's theory that petitioner and Ms. Osborne conspired to commit the murder in advance of the act, as opposed to any premeditation based on the second swing of the hammer. Finally, as to the last *Sugg* factor, there is no evidence that the prosecutor deliberately placed the statement before the jury to divert attention to extraneous matters. Because the statement was a correct statement of the law and did not clearly prejudice petitioner or result in manifest injustice pursuant to *Sugg*, petitioner cannot establish that the circuit court erred in denying his petition for habeas corpus relief.

For the foregoing reasons, we affirm the circuit court's decision to deny the petition for habeas corpus relief.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton